Katie HOLT, Plaintiff,

v.

The FEDERAL HOUSING ADMINIS-
TRATION, Milwaukee Insuring Office,
and Lawrence S. Katz, Individually and
as Executive Director of the Federal
Housing Administration, Milwaukee In-
suring Office, and Mortgage Associ-
ates, Inc., a Wisconsin mortgage corpo-
ration, and Henry Butler and Jessie
Butler, his wife, Defendants.

No. 69–C–317.

United States District Court
E. D. Wisconsin.

Jan. 7, 1970.

Seymour Pikofsky, Milwaukee, Wis.,
for plaintiff.

E. N. Rotter, Milwaukee, Wis., for
Butlers.

Peregrine, Schimenz, Marcuvitz &
Cameron, Milwaukee, Wis., for Mortgage
Associates.

James B. Brennan, U. S. Atty., by
Richard E. Reilly, Asst. U. S. Atty., Mil-
waukee, Wis., for Federal Housing Adm.
and Katz.

DECISION AND ORDER

MYRON L. GORDON, District Judge.

Each of the defendants has moved to
dismiss the complaint on the grounds
that it fails to state a claim upon which
relief can be granted. The defendants
Mortgage Associates, Inc. and Henry
Butler and Jessie Butler, have moved, in
addition, for dismissal on the grounds
that there is an absence of diversity and
that the amount in controversy is less
than $10,000.

The complaint in this action avers that
Katie Holt submitted an offer to pur-
chase which was accepted by the owners
of the property, Henry and Jessie Butler.
The Federal Housing Authority condi-
tionally agreed to insure a mortage in
connection with the purchase and subse-
quently issued a "firm commitment"
which would insure the plaintiff's mort-
gage with Mortgage Associates, Inc.

At the time of the closing, however, it
was learned by Mortgage Associates, Inc.,
that the building obtained its water and
sewer services through an adjoining prop-
erty, by means of an easement. Upon
receiving the information that the prop-
erty to be purchased did not have inde-
pendent water and sewer facilities, the

proposed mortgagee, Mortgage Associates, Inc., declined to consummate the mortgage and advised the FHA to cancel the firm commitment which had previously been issued.

The complaint seeks an order of the court directing FHA specifically to perform under the terms of its firm commitment. Jurisdiction is based upon 28 U.S.C. § 1346(a) (2). The plaintiff also contends that its action is based on 12 U.S.C. § 1702; one of the aims of the statute is to provide mortgage insurance for home owners.

■ Since the court's interest in this case arises under federal statutes and since an agency of the United States is a defendant, there is no requirement for either diversity of citizenship or for damages in excess of $10,000 in order to allow this court to accept jurisdiction in the matter.

In determining whether the complaint states a claim upon which relief can be granted, it should be noted that there appears to be no controlling issue of fact raised in the memoranda submitted by the various counsel. Copies of the relevant documents are annexed to the briefs submitted by the FHA, and the accuracy and authenticity of those docuis not challenged in the plaintiff's responsive brief.

The plaintiff bases her claim for relief upon the contention that a valid and enforceable contract was entered into between FHA and Mortgage Associates at the time FHA issued its firm commitment. The plaintiff argues that this contract was for her benefit, and therefore the parties to the contract were unable to rescind it or alter it to her prejudice without her consent. Tweeddale v. Tweeddale, 116 Wis. 517, 93 N.W. 440, 61 L.R.A. 509 (1903).

■ It is my opinion that the issuance of the firm commitment did not by itself constitute a binding contract which the plaintiff could enforce as a third party beneficiary. On its face, the firm commitment calls for a signature by the mortgagee wherein the mortgagee was obliged to certify as to a series of statements numbered (a) through (g), including a declaration that none of the statements in the mortgagee's application "are untrue or incorrect". The mortgagee was also required to certify that all listed conditions in the case "have been fulfilled". Although the firm commitment was signed by an agent of the FHA, it was never signed by the mortgagee. As previously noted, the mortgagee refused to consummate when it was learned that sewer and water connections were not independent as required under the published minimum standards adopted by the FHA. It thus appears that a formal contract was never made, even though a firm commitment had been issued by the FHA.

The FHA has authority to insure mortgages for low income housing, and § 1715*l*(d) (2) of Title 12, provides that to be eligible for insurance, "a mortgage shall * * * be secured by property upon which there is located a dwelling conforming to applicable standards prescribed by the Secretary under subsection (f) of this section * * *."

The minimum property standards adopted by the FHA pursuant to the authority of 12 U.S.C. § 1715*l*(f) provide in § 404-2 that "utilities shall be independent for each living unit. * * *" Compliance with the FHA minimum property standards is expressly required in paragraph 5 of the conditional FHA commitment and are incorporated in the firm commitment in the following language:

"A note and mortgage described above or as modified below will be insured under the National Housing Act provided one of the mortgagors will be an owner-occupant and all conditions appearing in any outstanding commitment issued under the above case number and those set forth below are fulfilled."

In my opinion, it is clear that the FHA in issuing its firm commitment expressly required compliance with the minimum property standards which it had previously issued. Since noncom-

pliance with those minimum property standards was discovered before the final commitment was endorsed and signed by the mortgagee, no contract was finalized between the mortgagee and the FHA; accordingly, there was no contract in existence for the benefit of the plaintiff as a third party beneficiary. It follows that the plaintiff's complaint fails to state a claim upon which relief can be granted.

Now, therefore, it is ordered that the motions to dismiss brought by the several defendants be and hereby are granted.